JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| OLIVE BETTY DE MARIA,<br><br>Plaintiff,<br><br>v.<br><br>LOWE'S COMPANIES, INC.; and DOES 1 through 100, inclusive<br><br>Defendants. | Case No.: 8:23-cv-00956-DOC-DFM<br>[*Orange County Superior Court Case No.: 30-2022-01291862-CU-PO-CJC*]<br><br>[Assigned to Hon. David O. Carter, District Judge; Hon. Douglas F. McCormick, Magistrate Judge]<br><br>**ORDER GRANTING STIPULATION TO REMAND CASE TO STATE COURT [11]**<br><br>Complaint Filed: November 14, 2022 |

The Court, having read and considered the parties' Stipulation to Remand, hereby ORDERS as follows:

## I. BACKGROUND

On November 14, 2022, Plaintiff OLIVE BETTY DE MARIA ("Plaintiff") commenced the above-entitled action in the Superior Court for the State of California, County of Orange, by filing a Complaint therein entitled *Olive Betty De Maria v. Lowe's Companies, Inc.; and Does 1 through 100, inclusive,* Case No. 30-2022-01291862-CU-PO-CJC. Plaintiff's Complaint for personal injury arises from an alleged incident on June 21, 2021, at a Lowe's store located in the City of La Habra, County of Orange, State of California. Defendant LOWE'S HOME

CENTERS, LLC ("Defendant") removed the matter to federal court pursuant to 28 U.S.C. §§1332, 1441, and 1367, on June 1, 2023.

Defendant has identified its store manager on duty at the time of this incident in its written discovery responses as Robert Dominguez. Plaintiff has advised its intent to file a motion for leave to amend to add the store manager on duty as a defendant and to remand to state court. The parties have met and conferred on this issue.

The parties have now agreed and stipulated that with the addition of the Defendant's store manager on duty, complete diversity will no longer exist. Accordingly, the parties request an order from this Court remanding the case to the Orange County Superior Court, Case No. 30-2022-01291862-CU-PO-CJC, and have agreed that with such remand, Plaintiff will not add any employee of Defendant, including but not limited to Robert Dominguez, as a defendant. The parties have further agreed that Defendant will not attempt to remove the matter to federal court a second time.

## II. ANALYSIS

United States Code, Title 28, Section 1447(c), provides that "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case *shall be remanded*." (Emphasis added). Because complete diversity no longer exists, this Court lacks subject matter jurisdiction and must, therefore, remand the case to state court pursuant to 28 U.S.C. § 1447(c). *See Bruns v. NCUA* 122 F.3d 1251, 1257 (9th Cir. 1997) ("Section 1447(c) is mandatory, not discretionary.")

## III. ORDER OF THE COURT

1. Pursuant to the parties' Stipulation, because complete diversity will no longer exist, this Court will no longer has subject matter jurisdiction and the matter is hereby REMANDED to the Superior Court for the State of California, County of Orange, Case No.: 30-2022-01291862-CU-PO-CJC. This Order shall be accorded full force and effect in the Superior Court of the State of California, County of Orange,

Case No.: 30-2022-01291862-CU-PO-CJC.

2. All pending dates in the Federal action are hereby vacated.

3. Plaintiff will not name any of Defendant's employees, including but not limited to Robert Dominguez, as a defendant.

**IT IS SO ORDERED.**

Dated: September 11, 2023

_____
HON. DAVID O. CARTER
UNITED STATES DISTRICT JUDGE

- 3 -

**ORDER REMANDING CASE TO STATE COURT**